UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JARED GILL | CIVIL ACTION NO. 6:14-CV-02869 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| PETROLEUM CO-ORDINATORS, INC. AND XYZ INSURANCE COMPANY | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the plaintiff's motion for reconsideration (Rec. Doc. 55), under Fed. R. Civ. P. 59(e), of this Court's ruling on the parties' cross-motions for summary judgment (Rec. Doc. 49). The motion is opposed, and oral argument is scheduled for November 22, 2016. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

### BACKGROUND

The plaintiff, Jared Gill, alleged in his complaint that his employer, defendant Petroleum Co Coordinators, Inc. ("PCI"), violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and certain relevant Louisiana state laws by failing to promptly reemploy him when he returned from active military service. Mr. Gill and PCI both filed motions for summary judgment. On August 31, 2016, this Court ruled on those motions (Rec.

Docs. 49, 50), granting them in part and denying them in part. Mr. Gill now seeks reconsideration of that ruling with regard to his alleged claim for willful discrimination under 38 U.S.C. § 4311 and his alleged claims for compensatory and liquidated damages.

## LAW AND ANALYSIS

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."[1] For that reason, Mr. Gill brought his motion for reconsideration under Fed. R. Civ. P. 59(e), arguing that this Court's prior ruling was incorrect and that reconsideration of the ruling is necessary to prevent manifest injustice. "A Rule 59(e) motion calls into question the correctness of a judgment."[2] Amending a judgment under Rule 59(e) "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[3] Thus, Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4] But

---

[1] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

[2] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

[3] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

[4] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks and citation omitted).

Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment,"[5] and it "should not be used to. . . re-urge matters that have already been advanced by a party."[6] Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly."[7] Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement with the Court."[8] Although a district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment,[9] the denial of such motions is favored.[10]

In this case, Mr. Gill does not argue that there has been a change in the controlling law nor does he present any new evidence. Instead, he makes the same arguments that he made in support of his motion for summary judgment and in

---

[5] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). See, also, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[6] *Nationalist Movement v. Town of Jena*, 321 Fed. App'x 359, 364 (5th Cir. 2009).

[7] *Templet v. Hydrochem, Inc.*, 367 F.3d at 479.

[8] *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

[9] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[10] *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

opposition to the defendant's motion for summary judgment, and he relies upon the same law and the same factual evidence in support of those arguments.

Mr. Gill contends that permitting this Court's prior ruling to stand would result in manifest injustice. The Fifth Circuit has described manifest justice as an elusive concept.[11] Indeed, there is no general definition of manifest injustice; therefore, a case-by-case analysis must be made, based on equitable considerations.[12] "What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."[13] Mr. Gill has not identified such a flaw in this Court's prior ruling; to the contrary, he has simply explained why he disagrees with the ruling. That is an insufficient basis for amending a judgment. Therefore, this Court finds that Mr. Gill has failed to establish that it would be manifestly unjust to allow this Court's prior ruling to stand. Accordingly,

---

[11] *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996), superseded by statute on other grounds as stated in *Lampkin v. Bank of America, N.A.*, 644 Fed. App'x 366, 267 (5th Cir. 2016).

[12] *Jones v. Stephens*, 998 F.Supp.2d 529, 536 (N.D. Tex. 2014); *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *3 (W.D. Tex. June 14, 2005).

[13] *Alvarado v. Texas Rangers*, 2005 WL 1420846, at *3 (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420 (Bankr. N.D. Oh. 2004)).

IT IS ORDERED that the plaintiff's motion for reconsideration (Rec. Doc. 55) is DENIED.

IT IS FURTHER ORDERED that oral argument on the motion for reconsideration, which was previously scheduled for November 22, 2016, is CANCELLED.

Signed at Lafayette, Louisiana on this 11th day of October 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE